## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

THOMAS JEROME HARRIS, JR.,

                Petitioner,               Case Number: 2:14-CV-13721
                                              HONORABLE SEAN F. COX

v.

CARMEN D. PALMER,

                Respondent.

_____/

### OPINION AND ORDER GRANTING PETITIONER'S
### MOTION TO HOLD HABEAS PETITION IN ABEYANCE
### AND ADMINISTRATIVELY CLOSING CASE

       This is a habeas case under 28 U.S.C. § 2254.  Petitioner Thomas Jerome Harris,

Jr., is a state inmate at the Michigan Reformatory in Ionia, Michigan.  He challenges his

convictions for assault with intent to commit murder, assault with a dangerous weapon

(three counts), felon in possession of a firearm, and felony firearm.  In addition to his

habeas petition, Petitioner filed a Motion to Hold Habeas Petition in Abeyance.  The

Court grants the motion.

### I.

       A jury in Wayne County Circuit Court convicted Petitioner of the charges set forth

above, and an additional charge of assault with intent to do great bodily harm less than

murder.  On December 9, 2011, he was sentenced as a second habitual offender to 20 to

40 years' imprisonment for the assault with intent to murder conviction, 32 to 48 months'

imprisonment for each felonious assault conviction, 40 to 60 months' imprisonment for

the felon-in-possession conviction, and two years' imprisonment for the felony-firearm

conviction.  The trial court did not impose a sentence for the assault with intent to do

great bodily harm less than murder conviction.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals

raising these claims: (i) insufficient evidence established Petitioner's identity as the

perpetrator; and (ii) the sentence of 20 to 40 years for assault with intent to murder

constitutes cruel and unusual punishment.  The Michigan Court of Appeals vacated

Petitioner's assault with intent to do great bodily harm conviction because it implicated

double jeopardy concerns and affirmed Petitioner's remaining convictions and sentences.

*People v. Harris*, No. 308183, 2013 WL 1286017 (Mich. Ct. App. March 28, 2013).  The

Michigan Supreme Court denied Petitioner's application for leave to appeal. *People v.*

*Harris,* 495 Mich. 853 (Mich. Sept. 3, 2013).

Petitioner then filed the pending habeas corpus petition.  He raises these claims:

(i) insufficient evidence presented to establish Petitioner's identity as the perpetrator; (ii)

sentence constitutes cruel and unusual punishment; (iii) prosecutor abused his discretion

on the charging offense; (iv) Double Jeopardy Clause violation; (v) hearsay testimony

improperly admitted; and (vi) ineffective assistance of counsel.  Petitioner also filed a

motion to hold habeas petition in abeyance.

2

## II.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Petitioner asks for a stay because four of the claims raised in the petition have not been exhausted in state court.

A prisoner who has not yet exhausted state court remedies may file a "'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), *citing Rhines v. Weber*, 544 U.S. 269 (2005). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if outright dismissal of a habeas petition would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust those claims, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

In this case, the outright dismissal of the petition, even without prejudice, may preclude future consideration of Petitioner's claims in this Court due to the expiration of the statute of limitations. *See* 28 U.S.C. § 2241(d)(1). Staying a habeas corpus proceeding is appropriate where, as here, the original petition was timely filed, but a second, exhausted habeas petition may be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002).

3

The Supreme Court did not define "good cause" in *Rhines*, nor has the Sixth Circuit Court of Appeals done so. *See Bates v. Knab*, 2011 WL 2785244, *5 (S.D. Ohio July 15, 2011), *citing Hnatiuk v. Trombley*, 2008 WL 3305157 (E.D. Mich. Aug. 11, 2008). A number of federal courts have concluded that the *Rhines* good cause requirement is less stringent than the good cause showing required in the context of procedural default. *See Lockridge v. Ludwick*, 2009 WL 5217592, *3 (E.D. Mich. Dec. 28, 2009) (holding that "good cause under *Rhines* is something less than the cause needed to excuse a procedural default"); *Rhines v. Weber*, 408 F. Supp. 2d 844, 849 (D. S.D. 2005) (on remand, applying a more expansive definition of "good cause" than the showing needed for cause to excuse a procedural default); *Jackson v. Roe*, 425 F.3d 654, 662 (9th Cir. 2005) (holding that "good cause" standard prescribed in *Rhines* does not require a showing of "extraordinary circumstances"). Petitioner states that his unexhausted claims were not presented in state court because they are newly discovered. Courts have found the "good cause" standard satisfied where unexhausted claims are based on recently discovered evidence. *See, e.g., Midgett v. Curtin*, 2010 WL 457459, *1 (E.D. Mich. Feb. 8, 2010) (holding petitioner's contention that unexhausted claims were not presented in state court because they were newly discovered sufficient to satisfy *Rhines* "good cause" requirement); *Reed v. Wolfenbarger*, 2009 WL 3059135, *3 (E.D. Mich. Sept. 21, 2009) (same). The Court finds that Petitioner has asserted good cause for failing previously to present these claims. In addition, the Court finds that Petitioner's claims are not "plainly meritless" and that Petitioner has not engaged in intentionally

4

dilatory tactics. *See Rhines*, 544 U.S. at 277-78. Therefore, the Court stays further proceedings in this matter pending Petitioner's exhaustion of the unexhausted claims.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. To ensure that Petitioner does not delay in exhausting state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted). At this time, the Court makes no finding as to the timeliness of this petition.

### III.

Accordingly, it is ORDERED that Petitioner's Motion to Hold Habeas Petition in Abeyance [dkt. #3] is GRANTED. The habeas petition is STAYED and further proceedings in this matter are held in ABEYANCE. If Petitioner fails to file a motion for relief from judgment with the state trial court within sixty days from the date of this order, the Court will dismiss the petition for writ of habeas corpus without prejudice. Petitioner shall file a motion to lift the stay in this Court within sixty days after the conclusion of the state court proceedings.

It is further ORDERED that, to avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal of this matter.


Dated:  October 21, 2014                               S/ Sean F. Cox
                                                       Sean F. Cox
                                                       U. S. District Judge


I hereby certify that on October 21, 2014, the foregoing document was served on counsel of record via electronic means and upon Thomas Harris via First Class mail at the address below:

Thomas Harris
600430
MICHIGAN REFORMATORY
1342 WEST MAIN STREET
IONIA, MI 48846


                                                       S/ J.  McCoy
                                                       Case Manager